823 F.2d 546
 1988 A.M.C. 565
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Calvin, BUIE, Plaintiff-Appellant,
v.
NAVIERA CHILENA DEL PACIFICO, S. A., Defendant-Appellee.
Naviera Chilena Del Pacifico, S.A., as Owner of the M/V
Alborada, for Exoneration From or Limitation of Liability
NAVIERA CHILENA DEL PACIFICO, S.A., Plaintiff-Appellee,
Calvin, Buie, Appellant,
v.
McALLISTER BROS., INC.; Norfolk Shipbuilding & Drydock
Corporation; Chicago Bridge & Iron Company; Otto
Candies, Inc.; United States of America;
James P. Williams; Rodney
White, Claimant.
 Nos. 86-2622, 86-2664
 United States Court of Appeals, Fourth Circuit.
 Argued April 8, 1987.
Decided June 24, 1987.
 
 John Harlow Klein (Breit, Rutter & Montagna, on brief), for appellant.
 D. Arthur Kelsey; Robert M. Hughes, III (Seawell, Dalton, Hughes & Timms, on brief), for appellee.
 Before RUSSELL and WILKINSON, Circuit Judges, and JOE F. ANDERSON, Jr. United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Both of these appeals stem from appellant's failure to assert a timely claim in a limitation of liability proceeding. Finding no error, we affirm the judgment of the district court in both cases.
 
 
 2
 On March 2, 1983, appellant Calvin Buie was working aboard the M/V ALBORADO when it collided with a United States vessel, the USNS SEALIFT PACIFIC, in the port of Hampton Roads. On March 17, 1983, appellee Naviera Chilean Del Pacifico, S.A., the owner of the ALBORADO, filed a petition in the United States District Court for the Eastern District of Virginia seeking exoneration from, or limitation of, liability arising out of the collision. A notice of complaint in the action was published in the newspaper, requiring all claims to be filed by April 30, 1983, pursuant to Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure. Six claimants filed timely claims which ultimately led to settlement with the shipowner.
 
 
 3
 The district court confirmed the settlement and issued a final judgment ordering that 'defaults of all persons . . . who have not heretofore filed claims herein be and they are hereby noted and entered and that the filing or presentation hereafter of any such claim or answers be and hereby is barred and restrained.'
 
 
 4
 In 1986, nearly three years from the date of the collision, Buie filed a civil action (No. 86-2622) against the shipowner for injuries sustained as a result of the collision. The district court dismissed the action on the grounds that the exoneration and default order barred the untimely claim.
 
 
 5
 Thereafter, Buie filed a post judgment motion pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure, seeking to have the district court modify the default order so as to permit him to pursue an independent claim. Buie contended, apparently without contradiction, that he had retained an attorney shortly after the mishap and that he understood that the attorney had 'put the matter into court on [his] behalf.' Buie also filed an identical post judgment motion in the limitation of liability action itself (No. 86-2664). The district court denied the motion in both cases and this appeal followed.
 
 
 6
 Buie contends that the exoneration order does not bar his claim because the district court merely dismissed the claims pending as all having been settled, and then exonerated the shipowner, without specifically granting a limitation of liability. We disagree. A limitation action in admiralty has been likened to an interpleader action in that it 'looks to the complete and just disposition of a many-cornered controversy.' 3 Benedict on Admiralty Sec. 11 at 2-1 (7th ed. 1979 & Supp. 1986). A shipowner, like a stockholder in an interpleader action, can rely on the finality of the limitation proceeding to be the 'complete and just disposition' of all claims arising out of the collision. Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U.S. 207 (1927). The exoneration order clearly barred the claims of all defaulting claimants, including Buie.
 
 
 7
 Buie also contends the trial court erred in refusing to reopen the limitation action, pursuant to Rule 60(b)(6) Federal Rules of Civil Procedure. He has alleged that he promptly sought legal counsel shortly after the accident and that he assumed his previous attorney[1] would take whatever steps were necessary to protect his claim. The district court refused to exercise his discretion under Rule 60(b)(6) and declined to vacate the earlier order.
 
 
 8
 Buie has directed our attention to cases where late filings have been permitted. We find those authorities wholly inapposite to the case at bar, for they involve claims which were asserted after the expiration of the monition period but before the court enters final judgment. In such cases, late claims are generally permitted if the action is still pending and unresolved and the late filings will not prejudice the rights of others. See, e.g. American Commercial Tires, Inc. v. United States, 746 F.2d 1351 (8th Cir. 1984). Here, the monition period expired, final judgment was entered and a substantial period of time elapsed before Buie filed his suit. The district court did not abuse its discretion in refusing to reopen the limitation proceeding.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Buie's attorney on this appeal did not represent him at the time the default occurred